UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

MARIANNE M. HOFFKINS,

                Plaintiff,          DECISION AND ORDER
vs.                                            06-CV-6403 CJS

MONROE-2 ORLEANS BOCES,

                Defendant.

_____

### APPEARANCES

For plaintiff:                   Kevin L. Hoffkins, Esq.
                                     191 Post Road West
                                     Westport, CT 06880
                                     (203) 221-2684

For defendant:                Donall O'Carroll, Esq.
                                     1400 Liberty Building
                                     Buffalo, NY 14202
                                     (716) 842-2800

### INTRODUCTION

**Siragusa, J.** This case is before the Court on defendant's motion to dismiss plaintiff's complaint. Defendant contends that plaintiff's cause of action for age discrimination in employment is barred by the applicable statute of limitations, and in response, plaintiff argues that the time period for commencing an action should be tolled or delayed as a matter of fairness. For the reasons stated below, defendant's motion is denied.

## BACKGROUND

On February 1, 2007, plaintiff filed an amended complaint setting forth one cause of action for unlawful termination based upon her age. In that regard, the Court accepts as true all the well-pleaded allegations in the amended complaint and draws inferences from those allegations in the light most favorable to the plaintiff. *See Albright v. Oliver*, 510 U.S. 266, 268 (1994).

Plaintiff was born on November 3, 1949. She was employed by defendant from February 23, 1998, as a special education teacher for pre-school children. As such, she performed her duties satisfactorily until June 2003, when she was informed that her position was being eliminated because of budget cuts.

Subsequently, in the fall of 2003, defendant hired plaintiff as a substitute for another special education teacher who was on leave for health reasons. Plaintiff's part-time employment ended on November 3, 2003 when the regular teacher returned.

Although plaintiff, on several occasions, indicated to defendant that she would like to be considered for any new openings, she was informed, that "'[t]here would be no further hiring for the foreseeable future'." (Am. Compl. ¶ 11.) Thereafter, on January 2, 2004, "the defendant hired two younger workers as pre-school education workers . . . in the exact same positions in which the Plaintiff worked prior to being terminated." (Am. Compl. ¶ 12.)

On October 21, 2004, plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") regarding her termination with the defendant in June of 2003. Even though her termination claim had accrued more than three hundred days prior to her EEOC filing, plaintiff contends that she should receive the benefit of an equitable tolling of the limitation period to January 2, 2004, since it was only on that date that she has reasonable notice that she had suffered discrimination.

## STANDARDS OF LAW

As the Second Circuit has made clear, when adjudicating a motion to dismiss under Federal Rule of Civil Procedure 12,

> the court must accept all factual allegations in the complaint as true and draw inferences from those allegations in the light most favorable to the plaintiff. *See Albright v. Oliver*, 510 U.S. 266, 268, 114 S. Ct. 807, 810, 127 L. Ed. 2d 114 (1994); *McEvoy v. Spencer*, 124 F.3d 92, 95 (2d Cir. 1997); *Hirsch v. Arthur Andersen & Co.*, 72 F.3d 1085, 1088 (2d Cir. 1995). The court may not dismiss a complaint unless "it appears beyond doubt, even when the complaint is liberally construed, that the plaintiff can prove no set of facts which would entitle him to relief." *Hoover v. Ronwin*, 466 U.S. 558, 587, 104 S. Ct. 1989, 2005, 80 L. Ed. 2d 590 (1984) (Stevens, J., dissenting); *see also Still v. DeBuono*, 101 F.3d 888, 891 (2d Cir. 1996).

*Jaghory v. New York State Dep't of Educ.*, 131 F.3d 326, 329 (2d Cir. 1997). The cause of action here is brought under the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. 621, *et seq*. ADEA provides in pertinent part as follows:

> (a) Employer practices. It shall be unlawful for an employer--
>
> (1) to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age….

29 U.S.C. § 623(a)(1) (1998). The only issue involved in this motion is whether the complaint was timely filed. The governing statutory section states in pertinent part:

> (d) Filing of charge with Secretary; timeliness; conciliation, conference, and persuasion. No civil action may be commenced by an individual under this section until 60 days after a charge alleging unlawful discrimination has been filed with the Secretary. Such a charge shall be filed--
>
> (2) in a case to which section 14(b) [29 USCS § 633(b)] applies, within 300 days after the alleged unlawful practice occurred, or within 30 days after receipt by the individual of notice of termination of proceedings under State law, whichever is earlier.

29 U.S.C. § 626(d)(2) (1991). In that regard, the Second Circuit,

> has recognized that in appropriate circumstances the time periods governing filing of an age discrimination charge with the EEOC may be "tolled or delayed." *Miller v. International Telephone and Telegraph Corp.*, *supra*, 755 F.2d [20] at 24. Though ordinarily the applicable period starts to run on the employer's commission of the unlawful act and is not tolled "pending the employee's realization that the conduct was discriminatory," a court might in some cases permit tolling "as a matter of fairness." *Id*. For example, equitable tolling might be applied to relieve a plaintiff who was "actively misled by his employer" or who was "prevented in some extraordinary way from exercising his rights." *Id*. We have noted that such an extraordinary circumstance might be presented "if the employee could show that it would have been impossible for a reasonably prudent person to learn that [an employment decision] was discriminatory." *Id*.

*Cerbone v. International Ladies' Garment Workers' Union*, 768 F.2d 45, 48-49 (2d Cir. 1985).

Moreover, as the Ninth Circuit observed in *Huynh v. Chase Manhattan Bank*, 465 F.3d 992 (9th Cir. 2006),

> Generally, the applicability of equitable tolling depends on matters outside the pleadings, so it is rarely appropriate to grant a Rule 12(b)(6) motion to dismiss (where review is limited to the complaint) if equitable tolling is at issue.

*Huynh*, 465 F.3d at 1003-04.

## ANALYSIS

At the time of plaintiff's termination in June 2003, she was 53 years old and within the protection of the ADEA. She filed an EEOC charge on October 21, 2004, which was 353 days after her June termination.[1] However, plaintiff claims that it was defendant's hiring of two younger workers on January 2, 2004, as pre-school special education teachers, in the exact same positions in which the plaintiff worked prior to being terminated, that caused her to be aware of her ADEA claim. In other words, plaintiff asserts that she is entitled to equitable tolling until January 2, 2004, because defendant concealed its discriminatory reason for discharging her by

---

[1]Plaintiff's complaint does not allege a specific date in June 2003 for her termination, thus, the Court uses the date June 1, 2003, for this calculation.

providing misleading information that she was being terminated for budgetary reasons. (Am. Compl. ¶ 11.) If plaintiff is correct in her position, then the EEOC complaint, which was filed within 293 days from January 2, 2004, would be timely under § 626.

However, defendant argues in its memorandum in support of the motion to dismiss that,

> Plaintiff's claim is restricted to any alleged acts of discrimination that occurred after December 26, 2003 – *i.e.* within the 300 day period prior to the filing of charges with the EEOC on October 21, 2004. As such, her claim of discrimination in June 2003 must be dismissed.

(Def.'s Mem. of Law, at 2.)[2]

In resolving the pending application, the Court finds the discussion in *Cole v. CBS, Inc.*, 634 F. Supp. 1558 (S.D.N.Y. 1986) to be instructive. In that case, the district court wrote that,

> Cole has failed to adduce any evidence showing that it was "impossible" for him to recognize that his discharge was discriminatory…. The plaintiff testified that his supervisor specifically informed him he was being replaced by a "younger man." This case is therefore very similar to *Cerbone* [*v. International Ladies' Garment Workers' Union*, 768 F.2d 45 (2d Cir. 1985)] where plaintiff employee, a manager, was forced to retire because, as his supervisor explained, the Union had "very young business agents who want to be managers." *See Cerbone, supra*, 768 F.2d at 48. In that case, the Second Circuit, in refusing to toll the ADEA limitations period, held that statements of this type "plainly revealed" the employer's allegedly discriminatory acts to the plaintiff.

*Cole*, 634 F. Supp. at 1564. Unlike *Cole* and *Cerbone*, plaintiff here does not allege that defendant informed her she was being terminated for the purpose of hiring a younger teacher to take the same position she held. On the contrary, she alleges she was specifically informed that her termination was a budgetary matter only. She also alleges that she asked defendant on

---

[2] Defendant's memorandum of law refers to the limitations provision of 42 U.S.C. § 2000e-5. The Court's research shows that the limitations period in that section refers to 42 U.S.C. § 2000e-2, which makes it an unlawful employment practice "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin…." It does not appear to the Court that Title 42 is involved in plaintiff's claim.

several occasions to consider her for any new openings that came up, but was informed by defendant that it would not be hiring for the foreseeable future. Applying the standards set out in *Cerbone* and *Miller*, and taking into consideration that "it is rarely appropriate to grant a Rule 12(b)(6) motion to dismiss (where review is limited to the complaint) if equitable tolling is at issue," *Huynh*, 465 F.3d at 1003-04, the Court is not persuaded by defendant's argument.

## CONCLUSION

Accordingly, defendant's motions[3] (## 16 & 19) to dismiss plaintiff's amended complaint are denied.

IT IS SO ORDERED.

DATED:  Rochester, New York
        April 30, 2007
                        ENTER.


                                    /s/ Charles J. Siragusa
                                    CHARLES J. SIRAGUSA
                                    United States District Judge

---

[3] Defendant filed a motion to dismiss (# 16) on Feb. 12, 2007, and then filed an amended motion to dismiss (# 19) on Feb. 19, 2007. Both notices of motion seek the same relief: dismissal of the amended complaint. The first notice of motion indicated that the motion was returnable at a date and time set by the Court, and would be heard in Buffalo, New York. The amended notice stated the date and time set by the Court's motion scheduling order and indicated that the motion would be heard at the courthouse in Rochester, New York. Both motions are listed as "pending" in the Clerk's docket for this case.